IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STEPHEN DAYNE BRADFORD | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-07-CV-1377-M |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Stephen Dayne Bradford, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

A jury convicted petitioner of robbery and sentenced him to 58 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Bradford v. State*, No. 05-05-00278-CR, 2006 WL 164605 (Tex. App.--Dallas, Jan. 24, 2006, no pet.); *Ex parte Bradford*, No. 65,774-01 (Tex. Crim. App. Nov. 8, 2006). Petitioner then sought federal habeas relief. At petitioner's request, his federal writ was dismissed without prejudice so he could return to state court to exhaust his claim of ineffective assistance of counsel on appeal. *Bradford v. Quarterman*, No. 3-07-CV-0888-R (N.D. Tex. Jul. 24, 2007). Instead of presenting that claim to the Texas Court of Criminal Appeals in a second state writ, petitioner has filed another federal writ

without alleging a claim of ineffective assistance of counsel on appeal.

## II.

In three grounds for relief, petitioner contends that his attorney: (1) failed to make a proper objection to the prosecutor's jury argument on punishment; (2) did not request a hearing to suppress the results of an unduly suggestive line-up; and (3) failed to investigate petitioner's alibi defense.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

### A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 58 years in prison for robbery. The court of appeals affirmed his conviction on January 24, 2006, and petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, petitioner's conviction became final 30 days thereafter on February 23, 2006. *See* TEX. R. APP. P. 68.2 (petition for discretionary review must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on June 1, 2006. The application was denied on November 8, 2006. Petitioner filed this action in federal district court on August 8, 2007.

The AEDPA statute of limitations started to run on February 23, 2006, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from June 1, 2006 to November 8, 2006, a total of 161 days, while a properly filed application for state post-conviction relief was pending. *Id.*[1] Even allowing for this tolling period, petitioner filed his

---

[1] Petitioner is not entitled to statutory tolling during the pendency of his prior federal writ because "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)[.]" *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

federal writ *five days* after the expiration of the AEDPA statute of limitations. No explanation has been offered to justify or excuse this delay. Consequently, the court determines that this case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE